UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAKOTA RURAL ACTION, DALLAS GOLDTOOTH, INDIGENOUS ENVIRONMENTAL NETWORK, NDN COLLECTIVE, SIERRA CLUB, and NICHOLAS TILSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Governor of the State of South Dakota, JASON RAVNSBORG, in his official capacity as Attorney General, and KEVIN THOM, in his official capacity as Sheriff of Pennington County,<br><br>Defendants. | Case No.: 5:19-cv-5026-LLP<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

1. Plaintiffs filed a Complaint in the United States District Court for the District of South Dakota, Western Division. [Doc. 1].

2. On April 9, 2019, Plaintiffs filed a Motion for Preliminary Injunction. [Doc. 8].

3. Following briefing by the parties and a hearing on June 12, 2019, the District Court entered a Memorandum Opinion and Order on September 18, 2019, granting Defendant Kevin Thom's Motion to Dismiss. [Doc. 49].

4. Also on September 18, 2019, the District Court entered an Order granting Plaintiffs' motion for a preliminary injunction against the remaining Defendants, Kristi Noem, in her official capacity as Governor of the State of South Dakota, and Jason Ravnsborg, in his official capacity as Attorney General (the "State Defendants"). [Doc. 50].

5. In the District Court's Order [Doc. 50, pg. 23], the Court granted Plaintiffs' Motion for Preliminary Injunction [Doc. 8] as follows:

    a. The application and enforcement of SDCL § 20-9-54 is temporarily enjoined except for the portion of the statute which provides:

> In addition to any other liability or criminal penalty under law, a person is liable for riot boosting, jointly and severally with any other person, to the state or a political subdivision in an action for damages if the person:
>
> (3) Upon the direction, advice, encouragement, or solicitation of any other person, uses force or violence.

    b. SDCL § 20-9-56 remains in effect except for the sentence which provides: "A defendant who solicits or compensates any other person to commit an unlawful act or to be arrested is subject to three times a sum that would compensate for the detriment caused." The just quoted sentence is temporarily enjoined.

    c. SDCL § 20-9-55 remains in effect.

    d. SDCL § 20-9-57 remains in effect.

    e. The application and enforcement of SDCL § 22-10-6 is temporarily enjoined.

    f. The application and enforcement of SDCL § 22-10-6.1 is temporarily enjoined.

6. Subsequent to the issuance of the Order [Doc. 50], counsel for Plaintiffs and State Defendants have discussed resolution of the matter, and as a result, by and through counsel, have entered into this Stipulated Settlement Agreement (the "Agreement").

7. **Plaintiffs and State Defendants, by and through their counsel, hereby stipulate and agree to this Agreement as follows:**

    a. SDCL § 20-9-54, in its present form, will not be enforced except for that portion of the statute which provides:

> In addition to any other liability or criminal penalty under law, a person is liable for riot boosting, jointly and severally with any other person, to the state or a political subdivision in an action for damages if the person:
>
> (3) Upon the direction, advice, encouragement, or solicitation of any other person, uses force or violence.

    b. SDCL § 20-9-56, in its present form, may be enforced, except for the sentence which provides:

> "A defendant who solicits or compensates any other person to commit an unlawful act or to be arrested is subject to three times a sum that would compensate for the detriment caused."

Such sentence, in its present form, will not be enforced.

    c. SDCL § 22-10-6, in its present form, will not be enforced.

    d. SDCL § 22-10-6.1, in its present form, will not be enforced.

    e. The Agreement will be attached to and incorporated into an Order of Dismissal with prejudice which allows the Federal District Court to maintain jurisdiction over the enforcement of the Agreement.

    f. The State Defendants will author a letter to the State's Attorney for each County in South Dakota advising them of the Agreement between Plaintiffs and State Defendants, pointing out the Agreement regarding the particular statutes.

    g. A copy of this letter intended to be sent will be attached to this Agreement.

    h. This letter will be posted on the South Dakota State News website at https://news.sd.gov.

    i. This letter will be sent to the State's Attorney in each County within seven (7) days after an Order of Dismissal is signed and filed by the Court, and Plaintiffs will be advised of the date it was sent.

    j. In the letter, the State Defendants will direct the State's Attorney to advise law enforcement within their jurisdiction of the Agreement and direct that those statutes, in their present form, are not to be enforced.

    k. In the event of alleged noncompliance with the terms of the Agreement:

        i. The Plaintiffs will give written notice to the State Defendants, through counsel in writing, of the alleged noncompliance, which written notice will outline the specific grounds and facts upon which Plaintiffs allege noncompliance with the identified provisions of this Agreement.

        ii. Unless the parties agree to a longer period and upon such other conditions agreed upon in writing, after the passing of twenty four (24) hours from providing the written notice as above, the Plaintiffs may seek relief with the Court by submitting the dispute to the Honorable Lawrence L. Piersol, who shall have the authority to enforce the terms of this Agreement in his capacity as a Federal District Court Judge. In the event Judge Piersol is not available, the dispute may be submitted to another Article III judge of the District Court of South Dakota.

        iii. If it becomes necessary to resolve the dispute by submission to the Federal District Court Judge and Plaintiffs prevail in such dispute, they may seek

       reasonable attorney fees subject to the State Defendants being able to contest such attorney fee request.

l.  The relief granted in this Agreement shall terminate when and if each of the referenced statutory provisions that are agreed will not be enforced, are substantially revised by legislative action.

m.  The parties will attempt to come to an agreement on a total amount of attorney fees to be awarded to Plaintiffs in this matter. It is acknowledged that, for purposes of this Agreement, Plaintiffs are the prevailing party.

n.  If Plaintiffs and State Defendants are unable to come to an agreement on the amount of attorney fees within 10 business days of the execution of this Agreement by counsel, the Plaintiffs may submit their attorney fee request to the Court for determination of reasonable attorney fees.

o.  The Plaintiffs' attorney fee submission shall be filed within 21 days after the Court enters the Order of Dismissal, subject to the State Defendants' ability to contest the attorney fee request.

p.  Plaintiffs and State Defendants each retain their right to appeal the Court's ultimate attorney fee determination.

q.  The undersigned counsel represent that they have authority to enter into this Agreement on behalf of their respective clients.

8.  Therefore, in consideration of these terms and conditions, the parties to this Agreement hereby stipulate and agree that an order shall be entered dismissing this case with prejudice.

**[The Remainder of This Page Left Blank – Signature Pages to Follow]**

Dated this 23rd day of October, 2019.

*[signature]*

Brendan V. Johnson (SD Bar # 3263)
Erica A. Ramsey (SD Bar # 4901)
Timothy W. Billion (SD Bar # 4641)
ROBINS KAPLAN LLP
140 North Phillips Ave, Suite 307
Sioux Falls, SD 57104
Tel: 605-335-1300
BJohnson@RobinsKaplan.com
ERamsey@RobinsKaplan.com
TBillion@RobinsKaplan.com

*Attorneys for Dakota Rural Action, Dallas Goldtooth, Indigenous Environmental Network, NDN Collective, Sierra Club, And Nicholas Tilsen.*

Dated this 24th day of October, 2019.

*Stephen J. Pevar*

Stephen Pevar (SD Bar #1364)
American Civil Liberties Union Foundation
765 Asylum Avenue
Hartford, CT 06105
Tel.: 860-570-9830
spevar@aclu.org

Courtney Bowie
American Civil Liberties Union of South Dakota
P.O. Box 1170
Sioux Falls, SD 57101
Tel.: 201-284-9500
cbowie@aclu.org

Vera Eidelman
American Civil Liberties Union Foundation
Speech, Privacy, and Technology Project
125 Broad St.
New York, NY 10004
Tel.: 212-549-2500
veidelman@aclu.org

*Attorneys for Dakota Rural Action, Dallas Goldtooth, Indigenous Environmental Network, NDN Collective, Sierra Club, And Nicholas Tilsen.*

Dated this 23rd day of October, 2019.

*(signature)*
Jeffery J. Tronvold
Chief Civil Deputy Attorney General
Holly Farris
Assistant Attorney General
Mickelson Criminal Justice Center
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: (605) 773-3215
Jeffery.Tronvold@state.sd.us
Holly.Farris@state.sd.us

*Attorneys for Governor Noem and Attorney General Ravnsborg*

Dated this 23rd day of October, 2019.

*[signature]*

Robert L. Morris
*Special Assistant Attorney General*
MORRIS LAW FIRM, PROF. LLC
P.O. Box 370
Belle Fourche, SD 57717-0370
(605) 723-7777
bobmorris@westriverlaw.com

*Attorneys for Governor Noem and Attorney General Ravnsborg*

October 25, 2019

Honorable _____
_____ County State's Attorney
[Address]
[City], SD [ZIP]

To the Honorable _____ County State's Attorney:

The Governor and the Attorney General are writing to inform you of the status of certain riot-related laws in South Dakota. Recently, in *Dakota Rural Action v. Noem, et al.*, the Honorable Lawrence Piersol, District of South Dakota, issued an order temporarily enjoining two criminal statutes and parts of two civil statutes. The parties to that lawsuit have entered a settlement agreement that prohibits the enforcement of these statutes pursuant to the court's order, and the case is dismissed. The agreement requires the parties to inform state's attorneys of this agreement. Please advise law enforcement within your jurisdiction of the following:

1. SDCL § 20-9-54, in its present form, will not be enforced except for that portion of the statute which provides: "In addition to any other liability or criminal penalty under law, a person is liable for riot boosting, jointly and severally with any other person, to the state or a political subdivision in an action for damages if the person: . . . (3) Upon the direction, advice, encouragement, or solicitation of any other person, uses force or violence."

2. SDCL § 20-9-56, in its present form, may be enforced, except for the sentence which provides: "A defendant who solicits or compensates any other person to commit an unlawful act or to be arrested is subject to three times a sum that would compensate for the detriment caused." Such sentence, in its present form, will not be enforced.

3. SDCL § 22-10-6, in its present form, will not be enforced.

4. SDCL § 22-10-6.1, in its present form, will not be enforced.

Thank you for your service and protection of the citizens of South Dakota.

Governor Kristi Noem                                    Attorney General Jason Ravnsborg